[Crim. No. 5080.   Second Dist., Div. One.   Apr. 5, 1954.]

THE PEOPLE, Respondent, v. HERMAN STEIN, Appellant.

Arthur F. Larrabee and Arthur O. Aragon for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was charged with the violation of section 337a, subdivision 2, of the Penal Code which relates to "bookmaking." A jury was waived and the issue presented on the transcript of the preliminary examination. Defendant was adjudged guilty and appeals from the judgment.

As recited in appellant's brief, "On January 11, 1951 at about 11:30 in the morning, three police officers from the Wilshire Vice Squad arrived at a four-story apartment house located at 665 South Cochran in the city of Los Angeles. They went to Apartment No. 205 and one of the officers (W. R. Morgan) listened at the door and could hear a man's voice using a telephone inside the apartment but he could not distinguish what was being said. He could hear numbers but could not quite distinguish what they were. He did not see who was in the apartment and did not see anybody in there. This officer then left the other two officers sitting in the lobby where they could see the door to Apartment 205, a very short distance away, and went outside looking for the manager. He went down through the building, through the basement and out the side and up the south side of the building outside. This was about three or three and one-half minutes after he had listened at the door, and

after that he came back so that he was only gone about three and one-half minutes. During these three or three and one-half minutes he was gone, he walked along the south side of the apartment building, and as he was directly opposite or beneath where this Apartment 205 is located, he heard a noise up above him and the screen window of the bathroom opened and some papers came fluttering down. He waited for them to fall to the ground and he gathered them up and he found them to be what he called 'Betting Markers and a Scratch Sheet.' '' The defendant did not testify. The foregoing is not all of the evidence. Following the arrest appellant's conversation with the officers included, in effect, an admission of guilt.

It is contended on appeal:

"I.

"That the final judgment of conviction is contrary to law.

"II.

"That the final judgment of conviction is contrary to the evidence.

"III.

"That the court erred in the decision of questions of law arising during the course of the trial.

"IV.

"Errors of law occurring at the trial and excepted to by defendant."

The record does not support appellant's contentions. ▮ It is well settled that the corpus delicti may be established by circumstantial evidence. The weight and value of evidence is for the trial judge. As a matter of law the evidence was sufficient to support the trial judge's conclusions. There are no prejudicial errors in the record.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.